## HENRY YOUNG

*v.*

## WILLIAM ADAM.

COUNTY COURT —*jurisdiction in contested election for city office.* The county court has no jurisdiction to try a contested election respecting a city office unless the city is incorporated under the general law of the State.

APPEAL from the County Court of Will county; the Hon. BENJAMIN OLIN, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellant.

Messrs. BRECKINRIDGE & GARNSEY, for the appellee.

Per CURIAM: This was a proceeding to contest an election for the office of alderman for one of the wards of the city of Joliet.

The only question discussed is, had the county court of Will county jurisdiction to try the contest? It is agreed if that court had jurisdiction the judgment is to be affirmed, and if not, it shall be reversed.

In *Brush* v. *Lemma,* 77 Ill. 496, which was a contest for the office of mayor of the city of Carbondale in Jackson county, and which was twice argued — the first time at the June term, 1874, and the last time at the June term, 1875, we held that a contest for the office of mayor of a city could not be prosecuted by proceedings in the county court, unless it appeared that the city was incorporated under the general law relating to the incorporation of cities.

The city of Joliet is incorporated, as appears from the record, under a special charter, and the case is, therefore, governed by *Brush* v. *Lemma.* The judgment is reversed.

*Judgment reversed.*